IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 13 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. **10CV00067** BnB

MONTGOMERY CARL AKERS,
    Plaintiff,

v.

ZITA L. WEINSHIENK,
ROBERT BLACKBURN,
LEWIS T. BABCOCK,
GREGORY C. LANGHAM,
RON WILEY,
JACK FOX,
JERRY JONES,
DIANNA J. KRIST,
MICHELLE BOND,
MARK COLLINS,
TINA SUDLOW,
D. FOSTER,
WENDY HEIM,
RICK MARTINEZ,
C/O ROY,
DOES 1-9 (Mailroom, U.S.P. - ADX),
C/O GEORGE, and
TERESA MONTOYA,
    Defendants.

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND
DISMISSING THE ACTION

---

Plaintiff Montgomery Carl Akers is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Akers has submitted to the Court *pro se* "Plaintiff Montgomery Carl Akers' Motion for Leave to File a Civil Action Based Upon an Order Requiring Him to do so by Order of the U.S. District Court, District of Colorado, Case No. 94-B-2445

(D. Colo. 1995)," a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and a Prisoner Complaint. Although the documents were received on August 6, 2009, the documents were misplaced until being found recently. The Clerk of the Court will be directed to commence a civil action. For the reasons stated below, the action will be dismissed.

Mr. Akers is subject to a sanction order that restricts his ability to file *pro se* actions in this court. See *Akers v. Sandoval*, No. 94-B-2445 (D. Colo. June 20, 1995); *aff'd*, 100 F.3d 967 (10th Cir. 1996). In 94-B-2445, Mr. Akers was

> enjoined and prohibited from initiating any civil action in the United States District Court for the District of Colorado without representation by an attorney licensed to practice in the State of Colorado or duly admitted to practice in the United States District Court for the District of Colorado unless he first obtains leave of court to proceed pro se.

*Id*. at 3. As noted above, Mr. Akers has filed a motion seeking leave of court to proceed *pro se* in this action. Because I find that the Prisoner Complaint is deficient, the motion for leave to proceed *pro se* will be denied.

Mr. Akers alleges that "[t]his case centers around Federal actors in the District of Colorado conspiring with federal actors in the District of Kansas to deny the Plaintiff access to the courts, family, attorneys, investigators, personal and professional relations, and access to his finances" in violation of his constitutional rights. (Prisoner Compl. at 3.) He specifically asserts three claims for relief, each of which is asserted against all twenty-six Defendants. The Defendants in this action consist of thirteen named and nine unnamed prison officials as well as three district court judges and the Clerk of the Court for the United States District Court for the District of Colorado. Mr.

n/a

n/a

Akers asserts his claims pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). In order to succeed in a **Bivens** action, Mr. Akers must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. **See Dry v. United States**, 235 F.3d 1249, 1255 (10th Cir. 2000).

The Prisoner Complaint is deficient because Mr. Akers fails to allege specific facts in support of his vague and conclusory claims to demonstrate that each Defendant has violated his constitutional rights. Although the Prisoner Complaint must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. **See Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Furthermore, "[c]onclusory allegations of conspiracy are insufficient to state a valid [constitutional] claim." **Durre v. Dempsey**, 869 F.2d 543, 545 (10th Cir. 1989). In order to state a claim in federal court, Mr. Akers "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). He has failed to do so.

Given the lack of specific facts in support of his vague and conclusory allegations of a conspiracy between federal prison officials and a number of judicial officers and the Clerk of the Court for the District of Colorado, the Court does not agree with Mr. Akers' contention that his complaint "is not brought for the purposes of harassment or otherwise." ("Plaintiff Montgomery Carl Akers' Motion for Leave to File a Civil Action

Based Upon an Order Requiring Him to do so by Order of the U.S. District Court, District of Colorado, Case No. 94-B-2445 (D. Colo. 1995)" at 3.) Therefore, because the Court finds that the Prisoner Complaint is deficient, the motion to proceed *pro se* will be denied. Accordingly, it is

ORDERED that the clerk of the Court commence this civil action. It is

FURTHER ORDERED that "Plaintiff Montgomery Carl Akers' Motion for Leave to File a Civil Action Based Upon an Order Requiring Him to do so by Order of the U.S. District Court, District of Colorado, Case No. 94-B-2445 (D. Colo. 1995)" is denied. It is

FURTHER ORDERED that the Prisoner Complaint and the action are dismissed in accordance with the sanction imposed in **Akers v. Sandoval**, No. 94-B-2445 (D. Colo. June 20, 1995). It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is denied as moot.

DATED at Denver, Colorado, this 12th day of January, 2010.

BY THE COURT:

WILEY Y. DANIEL, Chief Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   **10CV00067**

Montgomery Carl Akers
Reg. No. 02866-081
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on __1/13/10__

GREGORY C. LANGHAM, CLERK

By:_____
               Deputy Clerk